# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEE A. WALLACE,
           Appellant,

     v.

UNITED STATES POSTAL SERVICE,
           Agency.

DOCKET NUMBER
AT-0752-21-0606-I-1

DATE: March 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Justin Schnitzer</u>, Esquire, Pikesville, Maryland, for the appellant.

<u>Krista M. Irons</u>, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal from his position as a Carrier Technician based on the charge of unacceptable conduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. <i>See</i> 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

For the most part, the appellant's petition consists of arguments that he did not engage in the conduct underlying his removal. Petition for Review (PFR) File, Tabs 3, 9. To this end, the appellant challenges witness statements and testimony, as well as the administrative judge's findings about the same. PFR File, Tab 3 at 4-13, 17, Tab 9 at 13-19; Initial Appeal File (IAF), Tab 29, Initial Decision (ID) at 3-6. However, he has not provided sufficiently sound reasons for overturning the credibility findings underlying the administrative judge's findings of fact, which are entitled to deference. ID at 3-6; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

Turning to the appellant's affirmative defenses, the appellant presented a harmful procedural error claim below, but the administrative judge found it unproven. IAF, Tab 14 at 4; ID at 8. On review, the appellant does not challenge that finding. PFR File, Tabs 3, 9. The appellant also asserted affirmative defenses of disability discrimination based on disparate treatment and failure to accommodate, which the administrative judge also found unproven. IAF, Tab 14 at 6; ID at 9-11. On review, the appellant alludes to alleged violations of his

---

[2] Despite it appearing untimely by a little more than a minute, Petition for Review (PFR) File, Tabs 2, 3, the appellant argues that his petition was either timely or he has good cause for the untimeliness, PFR File, Tab 7. Because we are denying the petition on the merits, we need not decide this timeliness issue.

reasonable accommodations but provides no basis for disturbing the administrative judge's finding that he failed to prove that he was denied any accommodation or that any such denial excused his misconduct. PFR File, Tab 3 at 8, 13, Tab 9 at 26; ID at 9-10; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Regarding disparate treatment, the appellant notes on review that his managers were aware of his disabilities. PFR File, Tab 3 at 9. But he does not appear to substantively argue that his disability was a motivating factor in the agency's decision to remove him. *Id.* We find no reason to disturb the administrative judge's finding that it was not. ID at 10-11.[3] Lastly, the appellant raised below an affirmative defense of reprisal for equal employment opportunity (EEO) activity, and he re-raises this claim on review. IAF, Tab 14 at 5-6; PFR File, Tab 3 at 10. Specifically, he suggests that a witness for the agency lied about the misconduct underlying the appellant's removal in retaliation for an EEO complaint that the appellant directed at this individual. PFR File, Tab 3 at 4, 9-10. However, the administrative judge credited this witness' testimony and discerned no retaliatory motive on the part of this individual or any other agency actor. ID at 6, 12. We find no reason to disturb her findings.[4] *See Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359.

Next, the appellant argues that the administrative judge erroneously limited his ability to elicit witness testimony. PFR File, Tab 9 at 17. But the appellant failed to preserve this argument by objecting below. IAF, Tab 19 at 6, Tab 27, Hearing Recording. The appellant also appears to present—for the first time on

---

[3] Because the administrative judge found that the appellant failed to show that disability discrimination was a motivating factor in the removal action, we need not reach the question as to whether it was a "but-for" cause of the action. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 40, 42.

review—an affirmative defense of reprisal for filing a police report and arguments about the agency's investigation and his opportunity to respond to the charges. PFR File, Tab 3 at 4-5, 11, Tab 9 at 16. The Board will not consider these arguments because they are raised for the first time on review. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 34 n.10; *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

Turning to the agency's choice of penalty, the administrative judge applied the proper standard and found the removal reasonable. ID at 13. On review, the appellant seems to argue otherwise, based on alleged comparator employees that also engaged in misconduct. PFR File, Tab 3 at 8.

When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 24; *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). One factor that may be relevant is the consistency of the penalty with those imposed upon other employees for the same or similar offenses. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 10; *see Douglas*, 5 M.S.P.R. at 305. In *Singh*, we clarified that the relevant inquiry regarding this factor is whether the agency knowingly and unjustifiably treated employees differently. *Singh*, 2022 MSPB 15, ¶ 14.

---

[4] The appellant argued reprisal for Title VII EEO activity and disability-based EEO activity. IAF, Tab 14 at 6-7, 21. A "but-for" causation standard applies to the appellant's claims of reprisal for engaging in disability-based EEO activity. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. Because we agree with the administrative judge that the appellant failed to meet the lesser burden of proving his protected activity was a motivating factor in his removal, he necessarily failed to meet the more stringent "but-for" standard that applies to his claim. ID at 12; *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 32. Regarding the appellant's claim of reprisal for Title VII EEO activity, we affirm the administrative judge's finding that he failed to show that any prohibited consideration was a motivating factor in the agency's action. ID at 12. Therefore, we need not resolve the issue of whether he proved that a prohibited consideration was a "but-for" cause of the agency's action. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30.

The administrative judge found that the deciding official's testimony and decision letter reflected that he properly weighed the appropriate factors and that the penalty of removal was within the bounds of reasonableness—even considering the appellant's 20-year length of service. ID at 13. We agree. Regarding comparators, the administrative judge summarily stated, "[a]lthough the appellant alleged that he was treated differently than other employees who engaged in misconduct, the evidence he presented did not support this." *Id.* She did not expressly address what evidence the appellant had presented. *Id.* On review, the appellant presents only a bare allegation that another carrier at the Gainesville Post Office—where the appellant was employed—cursed at management across the workroom floor and was never disciplined, which does not give us a reason to disturb the initial decision. PFR File, Tab 3 at 8. In examining the evidence of purported comparators presented by the appellant below, we agree with the administrative judge's conclusion that he failed to prove disparate penalties. IAF, Tab 14 at 4, Tab 15 at 4, Tab 16 at 7; ID at 13.

The appellant had argued that the agency failed to employ progressive discipline in his case as it had for a Mail Handler at the Gainesville Post Office, removed in July 2015, and a Rural Carrier at the Forsyth Post Office, removed in June 2020, both of whom had discipline in their files at the time of their removals. IAF, Tab 5 at 27, Tab 14 at 4, Tab 15 at 4-11, Tab 16 at 4-10. He further noted that the latter of these employees was previously charged with unacceptable conduct but received a 14-day suspension instead of removal. IAF, Tab 5 at 27. However, the appellant did not show that these employees were within his same chain of command or that the individuals' prior misconduct for which they received a lesser penalty closely resembled the appellant's misconduct, or that the purported comparators were in other circumstances such that they closely resembled those of the appellant, such that the consistency of the penalties should have been considered as a factor in determining the appropriateness of the appellant's penalty. IAF, Tab 15 at 4-11, Tab 16 at 4-10;

*see Singh*, 2022 MSPB 15, ¶¶ 13-18.  Thus, we find no evidence of disparate penalties in the appellant's case and affirm the initial decision sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.